MaNly, J.
Previous to the act of lYth February, 1864, entitled “ an act to organize forces to serve for the war,” the petitioner was exempt by reason .oí his being a blacksmith. This exemption- being repealed by that act, he became liable to military duty, but was not enrolled until the 2nd of October.' In the meanwhile — that is, between the passage of the act and the enrolment — he reached the age of 45 years. The enrolment and arrest are for duty in the army generally, and not-as.a Senior Resérve; °
We have had occasion at. this term to declare in several cases, (as m that of.Upchurch, and others,) that the act of INh February does not, of itself, operate as an enrolment, something more being required to put a citizen in military service. This being so, it follows that if the citr-izen, at the time he is called for, be not liable to perform the service required, he cannot bo rightfully enrolled and' made to serve.
*136 The act of Congress divides the army into three parts : 1.- The junior reserves, between the ages of IT and 18. 2. The great body of the army between 18 and 45, as organized under the acts of 1862 and, 3, the senior reserves, ■ between the ages of 45 and 50. Had the petitioner been, incorporated into the army Ky enrolment, and ordered into camp, when between the ages of 18 and 45, he" would have been rightfully put in the second division mentioned above, and. would have been in for the full term prescribed by the act of 1862. But inasmuch as he was not called for until after he had passed the terminus (45) of that division, he ought to have been enrolled in the 8d.
He is entitled to relief therefore, from his present custody, and will stand subject to duty in the corps of senior reserves.
He is discharged accordingly. The officer to pay costs.